■ Violeta Guzman, Respondent, v Chesterfield Bowen et al., Appellants. [847 NYS2d 630]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 8, 2007, as denied those branches of their separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order insofar as appealed from, we do so on grounds other than those relied upon by the Supreme Court. Contrary to the Supreme Court's determination, the defendants failed on their separate motions to meet their respective prima facie burdens establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motions, the defendants relied on the report of Alan R. Belsky, which was not in proper form. Dr. Belsky was a chiropractor and pursuant to CPLR 2106 he cannot affirm the contents of a medical report (*see Kunz v Gleeson,* 9 AD3d 480 [2004]; *Santoro v Daniel,* 276 AD2d 478 [2000]).

The report of Dr. Gary J. Florio, a physiatrist, merely stated that upon examination of the plaintiff on March 24, 2005 the

plaintiff's cervical and thoraco-lumbar spine ranges of motion for flexion, extension, lateral flexion, and rotation were within "functional" limits. This statement was, at best, vague and conclusory.

The affirmation of Dr. Ronald L. Mann, the defendants' examining orthopedist, stated that the plaintiff, upon examination, had "full" range of motion in the lumbar and cervical regions of her spine. Despite so stating, Dr. Mann failed to set forth the objective tests performed to arrive at his conclusion that the plaintiff did not suffer from any range of motion limitations in those regions of her spine (see Cedillo v Rivera, 39 AD3d 453 [2007]; McLaughlin v Rizzo, 38 AD3d 856 [2007]; Geba v Obermeyer, 38 AD3d 597 [2007]).

Since the defendants failed to establish their respective prima facie burdens, it is unnecessary to address the issue of whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.