■ WAYNE BRIGHTLY, Appellant, v DONG LIU, Respondent. [910 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated November 10, 2009, which, upon an order of the same court dated December 18, 2008, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and upon so much of an order of the same court dated May 14, 2009, as denied that branch of his motion which was for leave to renew his opposition to the prior motion, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, that branch of the plaintiff's motion which was for leave to renew is granted, upon renewal, the order dated December 18, 2008, is vacated, the defendant's motion for summary judgment is denied, and the order dated May 14, 2009, is modified accordingly.

In opposition to the defendant's motion for summary judgment dismissing the complaint, the plaintiff submitted an affirmation of his treating chiropractor, not an affidavit. Consequently, this submission was not considered by the Supreme Court. After the defendant's motion was granted, the plaintiff moved, inter alia, for leave to renew, submitting a properly notarized affidavit from his treating chiropractor and an affidavit from an employee of the law firm that represented the plaintiff, explaining that she mistakenly thought that the plaintiff's treating chiropractor was a physician and therefore she had not advised him that he needed to sign a notarized affidavit instead of an affirmation. Under the circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew (*see Acosta v Rubin*, 2 AD3d 657 [2003]). Upon renewal, the defendant's motion for summary judgment should have been denied.

The chiropractor's affidavit submitted on behalf of the plaintiff specifying the significant contemporaneous restrictions in the plaintiff's lumbar and cervical spine range of motion, and evidence of herniated and bulging discs as confirmed by magnetic resonance image tests, as well as recent range of motion testing showing similar limitations in the plaintiff's cervical and lumbar spine range of motion, were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Acosta v Rubin*, 2 AD3d at 657; *see also Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328 [2010]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.