■ Atli Vejselovski et al., Respondents, v Robert J. McErlean, Appellant. [929 NYS2d 760]—

The defendant met his prima facie burden of showing that the plaintiff Atli Vejselovski (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged that certain regions of the injured plaintiff's spine, as well as the injured plaintiff's left shoulder, sustained certain injuries as a result of the subject accident, and the defendant provided competent

medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see Casas v Montero*, 48 AD3d 728, 728-729 [2008]; *Guzman v Bowen*, 46 AD3d 617 [2007]; *Rameau v King*, 245 AD2d 557 [1997]). The affirmed report the plaintiffs submitted from the insured plaintiff's treating chiropractor was without probative value, since a chiropractor may not affirm the contents of a report pursuant to CPLR 2106 (*see Casas v Montero*, 48 AD3d at 728-729; *Guzman v Bowen*, 46 AD3d 617 [2007]; *Kunz v Gleeson*, 9 AD3d 480 [2004]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.