■ PATSORIDA PAUL-AUSTIN, Respondent, v LINNETTE McPHERSON et al., Appellants. [937 NYS2d 627]

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the plaintiff alleged that she sustained certain injuries to the cervical region of her spine and her right shoulder as a result of the subject accident, the defendants submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). In addition, although the plaintiff alleged that she sustained certain injuries to the lumbar region of her spine as a result of the subject accident, the defendants submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d at 795), and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). Finally, although the plaintiff alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) as a result of the subject accident, the defendants submitted evidence establishing, prima facie, that she did not sustain such an injury (*cf. Geliga v Karibian, Inc.*, 56 AD3d 518, 519 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact because the opinion of her chiropractor, on which she relied, was not submitted in the form of an affidavit (*see Vejselovski v McErlean*, 87 AD3d 1062, 1063 [2011]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.