In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated May 22, 2012, which denied her motion for leave to renew or reargue her opposition to the defendant’s motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which was determined in an order of the same court dated March 28, 2012.
Ordered that the appeal from so much of the order as denied that branch of the plaintiff’s motion which was for leave to reargue is dismissed; and it is further,
Ordered that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the plaintiffs motion which was for leave to renew is granted, and, upon renewal, the defendant’s motion for summary judgment dismissing the complaint is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order as denied that branch of the plaintiffs motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507 [2003]).
In opposition to the defendant’s motion for summary judgment, the plaintiff submitted unaffirmed reports from certain physicians. After the defendant’s motion was granted, the plaintiff moved, inter alia, for leave to renew, submitting affirmations from those physicians attesting to the truth and accuracy of the reports. Under these circumstances, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to renew, and should have allowed the plaintiff the opportunity to correct her mistake by submitting the identical evidence in proper form (see Brightly v Dong Liu, 77 AD3d 874 [2010]; Arkin v Resnick, 68 AD3d 692, 693-694 [2009]).
Upon renewal, the Supreme Court should have denied the defendant’s motion for summary judgment. The defendant met *751 his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the plaintiff did not sustain any serious injuries to her left knee or to the cervical and lumbar regions of her spine (see Fudol v Sullivan, 38 AD3d 593, 594 [2007]), and that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Karpinos v Cora, 89 AD3d 994, 995 [2011]).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, upon renewal, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.