■ Alicia Caputo, Appellant, v Jacki B. Gutman, Respondent. [959 NYS2d 268]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated September 30, 2011, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of her spine (see Hendrickson v Williams, 94 AD3d 1057 [2012]; Paul-Austin v McPherson, 91 AD3d 924 [2012]).

In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether she did sustain such an injury (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Doumanis v Conzo, 265 AD2d 296 [1999]). Thus, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur. **[Prior Case History: 2011 NY Slip Op 32758(U).]**