■ PATSORIDA PAUL-AUSTIN, Appellant, v LINNETTE McPHERSON et al., Respondents. [974 NYS2d 281]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered February 9, 2012, which denied her motion for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious

injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which had been granted by a decision and order of this Court dated January 31, 2012 (*Paul-Austin v McPherson*, 91 AD3d 924 [2012]).

Ordered that the order entered February 9, 2012, is affirmed, with costs.

In opposition to the defendants' motion for summary judgment, the plaintiff had submitted the affirmation of a Dr. Roland Rose, who stated: "I am a physician, duly licensed to practice medicine in the State of New York." He signed the affirmation: "Dr. Roland Rose, D.C.," but under his signature the affirmation indicated that he was a medical doctor. In a reply affirmation, the defendants pointed out that Dr. Rose was actually a chiropractor, not a physician, and that his opinion had to be presented in the form of an affidavit (*see generally* CPLR 2106; *Doumanis v Conzo*, 265 AD2d 296 [1999]). This Court reversed an order denying the defendants' motion and granted the motion, holding that Dr. Rose's affirmation was insufficient to raise a triable issue of fact because it was not submitted in the proper form (*see Paul-Austin v McPherson*, 91 AD3d 924, 925 [2012]).

The plaintiff moved for leave to renew, submitting a corrected and notarized affidavit identifying Dr. Rose as a chiropractor. The Supreme Court denied the motion.

The Supreme Court providently exercised its discretion in denying the motion for leave to renew. The plaintiff failed to provide a reasonable justification as to why the chiropractor signed an affirmation erroneously identifying himself as a medical doctor, and why that document was unnotarized (*see* CPLR 2221 [e]; *Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *Maco v Perdomo*, 28 Misc 3d 134[A], 2010 NY Slip Op 51354[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *cf. Brightly v Dong Liu*, 77 AD3d 874 [2010]). Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.