■ CITIMORTGAGE, INC., Appellant, v ZOILA ESPINAL, Respondent, et al., Defendants. [26 NYS3d 541]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered May 2, 2014, which denied its unopposed motion pursuant to CPLR 2221 (e) for leave to renew, in effect, that branch of its prior motion which was for an order of reference, which had been denied in an order of the same court dated December 24, 2007, and, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c).

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c) is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered May 2, 2014, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the plaintiff's unopposed motion for leave to renew is granted, and, upon renewal, the order dated December 24, 2007, insofar as it denied that branch of the plaintiff's prior motion which was for an order of reference, is vacated, and that branch of the plaintiff's prior motion is granted.

In July 2005, the plaintiff loaned the sum of $343,200 to the defendant Zoila Espinal (hereinafter the mortgagor). The loan was evidenced by a note and secured by a mortgage on certain real property located in Freeport. Both the note and mortgage were executed by the defendant Maria Cruz, as attorney-in-

fact for the mortgagor pursuant to a durable power of attorney. In July 2007, the plaintiff commenced this mortgage foreclosure action against the mortgagor, Cruz, and others, and in September 2007, moved, inter alia, for an order of reference. In an order dated December 24, 2007, the Supreme Court denied, without prejudice, that branch of the motion which was for an order of reference, as it sua sponte expressed concerns about the authority of Cruz to execute the mortgage on behalf of the mortgagor. On January 26, 2010, an initial settlement conference was held. Thereafter, multiple settlement conferences were scheduled, all of which were adjourned. The final conference was scheduled for March 26, 2012, but the mortgagor did not appear. In October 2013, the plaintiff moved for leave to renew, in effect, that branch of its prior motion which was for an order of reference, submitting additional evidence, including the durable power of attorney. The Supreme Court denied the unopposed motion and, sua sponte, directed the dismissal of the complaint pursuant to CPLR 3215 (c). The plaintiff appeals.

Generally, "a motion for leave to renew is intended to bring to the court's attention new or additional facts which were in existence at the time the original motion was made, but were unknown to the movant" (*Vita v Alstom Signaling*, 308 AD2d 582, 582 [2003]). However, the requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made (*see id.*; *Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376 [2001]). Except where a motion to renew is based upon a change in the law, which is not the case here, CPLR 2221 does not impose a time limit for making a motion for leave to renew (*see Glicksman v Board of Educ. / Cent. School Bd. of Comsewogue Union Free School Dist.*, 278 AD2d 364 [2000]). Here, the plaintiff established its entitlement to an order of reference, as it submitted documentary proof that the defendants failed to answer the complaint within the time allowed, that it was the holder of the note and mortgage, that the defendants defaulted, "and that, as a preliminary step in obtaining a judgment of foreclosure, the appointment of a referee to compute the amount due on the . . . mortgage would be proper" (*HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *see U.S. Bank N.A. v Norgriff*, 131 AD3d 527, 528 [2015]; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]). Although the plaintiff should have been aware of the durable power of

attorney at the time it initially sought an order of reference, the Supreme Court, under the circumstances, improvidently exercised its discretion in denying the plaintiff's motion for leave to renew, where the plaintiff, having otherwise established its entitlement to an order of reference, submitted, inter alia, the durable power of attorney in support of its renewal motion and the motion was unopposed.

The Supreme Court also improvidently exercised its discretion in, sua sponte, directing the dismissal of the complaint pursuant to CPLR 3215 (c), as no extraordinary circumstances existed to warrant dismissal (*see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]). In September 2007, when the plaintiff took the preliminary step of obtaining a default judgment of foreclosure and sale by moving for an order of reference (*see* RPAPL 1321 [1]), it initiated proceedings for the entry of the default judgment within one year of the defendant's default and, thus, did not abandon this action (*see* CPLR 3215 [c]; *see US Bank N.A. v Dorestant*, 131 AD3d 467 [2015]; *GMAC Mtge., LLC v Todaro*, 129 AD3d 666 [2015]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838 [2015]). Dillon, J.P., Hall, Roman and Duffy, JJ., concur.