■ DANIELLE DEFINA, Appellant, v KEVIN DANIEL, Respondent. [33 NYS3d 421]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), entered May 22, 2014, which denied her motion for leave to renew her opposition to the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, which had been granted in an order of the same court dated March 4, 2014.

Ordered that the order entered May 22, 2014, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to renew is granted, upon renewal, the order dated March 4, 2014, is vacated, and the defendant's motion for summary judgment dismissing the complaint is denied.

On June 27, 2012, the plaintiff and the defendant were involved in a motor vehicle collision on an entrance ramp to the Wantagh Parkway in Nassau County. The plaintiff commenced this action to recover damages for injuries she allegedly sustained as a result of the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, submitting in support the affirmed report of a physician. In opposition, the plaintiff submitted an unnotarized statement of a chiropractor. The Supreme Court granted the defendant's motion for summary judgment, finding that the statement of the plaintiff's chiropractor had not been submitted in admissible form (see generally CPLR 2106; *Paul-Austin v McPherson*, 111 AD3d 610, 611 [2013]).

Thereafter, the plaintiff moved for leave to renew her opposition to the defendant's motion for summary judgment. In support, she submitted a notarized affidavit of the chiropractor and an affirmation of her attorney, who stated that he mistakenly included the unnotarized copy of the chiropractor's statement with the plaintiff's opposition papers instead of the notarized affidavit. In an order entered May 22, 2014, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals, and we reverse.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to renew. "CPLR 2221 (e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form" (*Schwelnus v Urological Assoc. of L.I., P.C.*, 94 AD3d 971, 972 [2012]). Here, the inadvertent mistake of the plaintiff's attorney in including the unnotarized statement of the chiropractor with the plaintiff's opposition papers, rather than the notarized affidavit, was tantamount to law office failure and constituted a reasonable justification for the plaintiff's failure to provide the affidavit to the court in opposing the original motion (*see Hackney v Monge*, 103 AD3d 844, 845 [2013]; *Brightly v Dong Liu*, 77 AD3d 874 [2010]; cf. *Doumanis v Conzo*, 265 AD2d 296 [1999]).

Upon renewal, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.