NP162, LLC v Harding (2021 NY Slip Op 04612)





NP162, LLC v Harding


2021 NY Slip Op 04612


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-13275
 (Index No. 713322/17)

[*1]NP162, LLC, appellant, 
v
Richard Harding, respondent, et al., defendants.


Richland & Falkowski, PLLC, Astoria, NY (Michal Falkowski of counsel), for appellant.
Law Offices of Bruce Richardson, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered November 1, 2018. The order denied the plaintiff's motion for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Richard Harding and for an order of reference, which had been denied in an order of the same court entered June 18, 2018.
ORDERED that the order entered November 1, 2018, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to renew is granted, upon renewal, the order entered June 18, 2018, is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
On November 20, 2006, the defendant Richard Harding (hereinafter the defendant) executed a note in favor of New Century Mortgage Corporation, which was secured by a mortgage on certain property owned by the defendant. In September 2017, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage by filing a summons and complaint, with a copy of the note attached thereto.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit from Donna Davis, the Asset Manager of the loan servicer, SN Servicing Corporation (hereinafter SN Servicing). Davis averred, inter alia, that the plaintiff was in physical possession of the note prior to the commencement of the action, and that a 90-day notice was mailed to the defendant in accordance with RPAPL 1304. In opposition to the motion, the defendant asserted, among other things, that the copy of the note attached to the complaint was insufficient to establish the plaintiff's standing to commence the action, since an endorsement in blank was contained on a separate undated page from the note. The defendant also argued that the conclusory and unsubstantiated assertions in Davis' affidavit were insufficient to demonstrate the plaintiff's standing and compliance with RPAPL 1304.
In an order entered June 18, 2018, the Supreme Court denied the plaintiff's motion. The court, inter alia, sua sponte, determined that the plaintiff failed to submit a valid power of attorney authorizing SN Servicing to act as loan servicer, without addressing the issues raised in the defendant's opposition papers. Thereafter, the plaintiff moved for leave to renew its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the [*2]defendant and for an order of reference. In support of its motion, the plaintiff submitted, inter alia, a limited power of attorney authorizing SN Servicing to act on behalf of the plaintiff. In an order entered November 1, 2018, the court denied the plaintiff's motion. The plaintiff appeals.
"Generally, 'a motion for leave to renew is intended to bring to the court's attention new or additional facts which were in existence at the time the original motion was made, but were unknown to the movant'" (Citimortgage, Inc. v Espinal, 136 AD3d 857, 858, quoting Vita v Alstom Signaling, 308 AD2d 582, 582). "However, the requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made" (Citimortgage, Inc. v Espinal, 136 AD3d at 858).
Under the circumstances presented, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to renew based upon the submission of the limited power of attorney, since the plaintiff's initial failure to submit the power of attorney was raised sua sponte by the court (see McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 915; Citimortgage, Inc. v Espinal, 136 AD3d at 858-859).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a new determination of the plaintiff's original motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, including a determination of the issues raised in the defendant's opposition papers.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court