Adler v Oxford Health Plans (NY), Inc. (2023 NY Slip Op 02482)

Adler v Oxford Health Plans (NY), Inc.

2023 NY Slip Op 02482

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04003
 (Index No. 42339/10)

[*1]Ronit Adler, etc., appellant,
v
Oxford Health Plans (NY), Inc., respondent.

Sunshine Isaacson & Hecht, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Paul H. Seidenstock and Brian J. Isaac], of counsel), for appellant.
Robinson & Cole, LLP, New York, NY (Matthew P. Mazzola and Michael H. Bernstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated May 10, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was pursuant to CPLR 3124 to compel the defendant to comply with certain discovery demands, which had been denied without prejudice to renew in a prior order of the same court (Denise F. Molia, J.) dated September 14, 2020.
ORDERED that the order dated May 10, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was pursuant to CPLR 3124 to compel the defendant to comply with certain discovery demands is granted, upon renewal, so much of the order dated September 14, 2020, as denied that branch of the plaintiff's prior motion is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
In 2010, the plaintiff commenced this action against the defendant alleging, inter alia, that the defendant had failed to pay her the appropriate rate for professional services rendered to its members. During the course of discovery, on or about June 22, 2017, the plaintiff served a notice to produce upon the defendant seeking various documents and information. The defendant issued a response thereto in December 2017. In August 2018, the plaintiff moved, among other things, pursuant to CPLR 3124 to compel the defendant to provide the documents and information sought in her notice to produce, contending that the responses the defendant had provided were insufficient. By order dated September 14, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion "without prejudice to renewal" on the ground that the plaintiff had failed to submit an affirmation of good faith from her attorney as required by 22 NYCRR 202.7.
In November 2020, the plaintiff moved, among other things, for leave to renew that branch of her prior motion which was pursuant to CPLR 3124 to compel the defendant to provide the documents and information sought in her notice to produce. In support, she submitted, inter alia, an affirmation of good faith from her attorney. In an order dated May 10, 2021, the Supreme Court, [*2]among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying, on procedural grounds, that branch of the plaintiff's motion which was for leave to renew that branch of her prior motion which was pursuant to CPLR 3124 to compel the defendant to provide the documents and information sought in her notice to produce. Since the court had denied that branch of the plaintiff's prior motion "without prejudice to renewal," she was not required to demonstrate a reasonable justification for her failure to submit an affirmation of good faith from her attorney on the prior motion (see Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 561-562; see also NP162, LLC v Harding, 197 AD3d 479, 480).
Moreover, the affirmation of good faith from the plaintiff's attorney which the plaintiff submitted in support of that branch of her motion which was for leave to renew was sufficient to satisfy the requirements of 22 NYCRR 202.7. "'Pursuant to 22 NYCRR 202.7(a)(2), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting that [he or she] has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion'" (Steele v Samaritan Found., Inc., 208 AD3d 1265, 1267, quoting Kemp v 1000 Broadway, LLC, 203 AD3d 1153, 1153). "The affirmation 'shall indicate the time, place[,] and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held'" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 843-844, quoting 22 NYCRR 202.7[c]). Here, the affirmation referred to letter communications between the parties as well as conferences held with the Supreme Court, thereby evincing a diligent effort to resolve the dispute (see Lombardi v Lombardi, 190 AD3d 964, 966; Encalada v Riverside Retail, LLC, 175 AD3d 467, 468-469).
Contrary to the defendant's contention, the Supreme Court's comments in the order dated September 14, 2020, regarding the merits of that branch of the plaintiff's prior motion which was pursuant to CPLR 3124 to compel the defendant to provide the documents and information sought in her notice to produce were an alternate holding constituting dicta, and not a determination on the merits (see Matter of Kao v Kao, 165 AD3d 944, 945-946). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of that branch of the plaintiff's prior motion which was pursuant to CPLR 3124 to compel the defendant to provide the documents and information sought in her notice to produce (see NP162, LLC v Harding, 197 AD3d at 481; Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233-1234).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court