Shvyetsov v 1900 Newkirk Ave., LLC (2023 NY Slip Op 03032)

Shvyetsov v 1900 Newkirk Ave., LLC

2023 NY Slip Op 03032

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05863
 (Index No. 516336/16)

[*1]Vyacheslav Shvyetsov, respondent,
v
1900 Newkirk Avenue, LLC, appellant.

Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 24, 2020. The order, insofar as appealed from, granted the motion of the plaintiff for leave to renew his opposition to the defendant's prior motion for summary judgment dismissing the complaint, which had been granted in an order of the same court dated June 7, 2019, and, upon renewal, vacated the order dated June 7, 2019, and thereupon denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated July 24, 2020, is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff commenced this action against the defendant, 1900 Newkirk Avenue, LLC, the owner of a multi-family residence located in Brooklyn (hereinafter the premises), to recover damages for injuries the plaintiff alleged he sustained when he fell down a stairway in the premises. Among other things, the plaintiff alleged that the lack of a handrail on the right side of the stairway was a proximate cause of his injuries. In an order dated June 7, 2019 (hereinafter the June 2019 order), the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that an expert report submitted by the plaintiff in opposition to the motion was not in admissible form and was therefore insufficient to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Thereafter, the plaintiff moved for leave to renew his opposition to the defendant's motion, submitting the same expert report in admissible form. In an order dated July 24, 2020, the Supreme Court, inter alia, granted the plaintiff's motion for leave to renew and, upon renewal, vacated the June 2019 order, and thereupon denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to renew his opposition to the defendant's motion for summary judgment. CPLR 2221(e) provides, in relevant part, that "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . [and] shall contain reasonable justification for the failure to present such [*2]facts on the prior motion" (CPLR 2221[e][2]-[3]). "'CPLR 2221(e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form'" (Trigoso v Correa, 150 AD3d 1041, 1043, quoting Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972). "[T]he requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made'" (NP162, LLC v Harding, 197 AD3d 479, 480, quoting Citimortgage, Inc. v Espinal, 136 AD3d 857, 858). Under the circumstances of this case, the plaintiff established a reasonable justification for his failure to provide the expert affidavit in admissible form to the court in his opposition to the original motion (see Trigoso v Correa, 150 AD3d at 1043; Defina v Daniel, 140 AD3d 825, 826).
Moreover, upon renewal, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. "Landowners generally owe a duty of care to maintain their property in a reasonably safe condition, and are liable for injuries caused by a breach of this duty" (Henry v Hamilton Equities, Inc., 34 NY3d 136, 142). "'[A] defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall'" (Santiago v Williams, 208 AD3d 604, 604, quoting Nativo v Dragonetti Bros. Landscaping Nursery & Florist, Inc., 190 AD3d 981, 982). A defendant may also establish its prima facie entitlement to judgment as a matter of law by submitting evidence that no dangerous or defective condition existed at the time of the plaintiff's accident (see Haxhia v Varanelli, 170 AD3d 679, 681; Touloupis v Sears, Roebuc & Co., 155 AD3d 807, 808).
Here, the defendant failed to establish that the plaintiff could not identify the cause of his fall (see Kerzhner v New York City Transit Authority, 170 AD3d 982, 983; Davidoff v First Dev. Corp., 148 AD3d 773, 774). Moreover, although the defendant established, prima facie, that there was no dangerous or defective condition at the time of the plaintiff's fall through the affidavit of its expert (see Romero v Waterfront N.Y., 168 AD3d 1012, 1013; Shkolnik v Longo, 63 AD3d 819, 820), in opposition, upon renewal, the plaintiff raised a triable issue of fact. The notarized affidavit of the plaintiff's expert witness, who opined, inter alia, that the absence of a railing on one side of the stairway constituted a deviation from "good and accepted practice," raised a triable issue of fact as to whether the lack of a handrail on the right side of the stairway constituted a dangerous or defective condition (see E.F. v City of New York, 203 AD3d 887, 889; Davidoff v First Dev. Corp., 148 AD3d at 775).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to renew, and, upon renewal, properly vacated the determination in the June 2019 order and thereupon denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court