Key Growth Invest LP v 1499 Fulton Realty, LLC (2024 NY Slip Op 03036)

Key Growth Invest LP v 1499 Fulton Realty, LLC

2024 NY Slip Op 03036

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-02920
 (Index No. 606292/18)

[*1]Key Growth Invest LP, appellant, 
v
1499 Fulton Realty, LLC, et al., respondents.

Borg Law LLP, New York, NY (Jonathan M. Borg of counsel), for appellant.
Christopher Thompson, West Islip, NY, for respondents.

DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered March 7, 2022. The order denied the plaintiff's motion for leave to renew its prior motion, inter alia, pursuant to CPLR 5225 to direct the defendant Michael Smith to turn over his membership interests in the defendant 1499 Fulton Realty, LLC, to the plaintiff, which had been denied in a prior order of the same court (Antonio I. Brandveen, J.) dated May 5, 2020.
ORDERED that the order entered March 7, 2022, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to renew its prior motion, inter alia, pursuant to CPLR 5225 to direct the defendant Michael Smith to turn over his membership interests in the defendant 1499 Fulton Realty, LLC, to the plaintiff is granted, upon renewal, so much of the order dated May 5, 2020, as denied the plaintiff's prior motion is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
The plaintiff applied in the Supreme Court, Nassau County, for a judgment by confession against the defendants, 1499 Fulton Realty, LLC (hereinafter 1499 Fulton), and Michael Smith, following their alleged default on obligations under a note. On May 10, 2018, the Nassau County Clerk's Office issued a judgment in favor of the plaintiff and against the defendants in the total sum of $173,551.71. Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 5225 to direct Smith to turn over his membership interests in 1499 Fulton to the plaintiff. In an order dated May 5, 2020, the Supreme Court, among other things, denied the motion "without prejudice to renew" upon a showing that the defendants failed to comply with certain production obligations.
Thereafter, upon the Supreme Court's finding that the defendants failed to comply with the production obligations, the plaintiff moved for leave to renew its prior motion, inter alia, pursuant to CPLR 5225 to direct Smith to turn over his membership interests in 1499 Fulton to the plaintiff. In an order entered March 7, 2022, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
The Supreme Court improvidently exercised its discretion in denying, on procedural grounds, the plaintiff's motion for leave to renew its prior motion, inter alia, pursuant to CPLR 5225 to direct Smith to turn over his membership interests in 1499 Fulton to the plaintiff. Since the court [*2]had denied the plaintiff's prior motion without prejudice to renew, the plaintiff was not required to demonstrate a reasonable justification for its failure to present alleged new facts on the prior motion (see Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 711; Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 561-562). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's prior motion, among other things, pursuant to CPLR 5225 to direct Smith to turn over his membership interests in 1499 Fulton to the plaintiff.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court