Wells Fargo Bank, N.A. v Coulstring (2024 NY Slip Op 06374)

Wells Fargo Bank, N.A. v Coulstring

2024 NY Slip Op 06374

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-05541
2023-05544
 (Index No. 25330/11)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Kevin G. Coulstring, etc., et al., appellants, et al., defendants.

Carl E. Person, New York, NY, for appellants.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kevin G. Coulstring and Lisa Coulsting appeal from two orders of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), both dated March 27, 2023. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Kevin G. Coulstring and Lisa Coulsting, to strike those defendants' answer, and for an order of reference, which had been denied without prejudice to renew in an order of the same court (Howard H. Heckman, Jr., J.) dated January 31, 2020, and, upon renewal, in effect, vacated so much of the order dated January 31, 2020, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In August 2011, the plaintiff commenced this action against the defendants Kevin G. Coulstring and Lisa Coulsting (hereinafter together the defendants), among others, to foreclose a mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In an order dated January 31, 2020, the Supreme Court, among other things, denied the plaintiff's motion "without prejudice to renewal" on the ground that the plaintiff failed to submit sufficient evidence of the defendants' default in paying the mortgage.
Thereafter, the plaintiff moved, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In an order dated March 27, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to renew and, upon renewal, vacated so much of the order dated January 31, 2020, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion. In a second order, also dated March 27, 2023, the court, inter alia, granted [*2]the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendants appeal from both orders.
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew. Since the plaintiff's prior motion, inter alia, for summary judgment had been denied without prejudice to renewal, the plaintiff was not required to demonstrate a reasonable justification for its failure to submit sufficient evidence of the defendants' default on the prior motion (see Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 711; Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 562).
In light of our determination, we need not reach the defendants' remaining contention.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court