Smith v Realty on Fox Croft Corp. (2024 NY Slip Op 06371)

Smith v Realty on Fox Croft Corp.

2024 NY Slip Op 06371

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-04979
 (Index No. 707249/19)

[*1]Timothy Smith, appellant, 
v
Realty on Fox Croft Corp., respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kelly A. Breslauer], of counsel), for appellant.
The Law Firm of Adam C. Weiss, PLLC, Glen Cove, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 7, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint, which had been denied in an order of the same court entered January 7, 2021.
ORDERED that the order entered June 7, 2022, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint is granted, and, upon renewal, so much of the order entered January 7, 2021, as denied that branch of the prior motion is vacated, and thereupon, that branch of the prior motion is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages.
The plaintiff allegedly was injured when he fell while he was walking on a sidewalk in Queens. The plaintiff claimed that the defendant owned the premises abutting the sidewalk where he fell. In April 2019, the plaintiff commenced this action to recover damages for personal injuries against the defendant. The plaintiff moved, inter alia, for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint. In an order entered January 7, 2021, the Supreme Court denied the plaintiff's motion with leave to renew. The plaintiff moved, among other things, for leave to renew that branch of his prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint. In an order entered June 7, 2022, the court, inter alia, denied that branch of the plaintiff's motion on the ground that it and the prior motion were untimely. The plaintiff appeals from the order entered June 7, 2022.
The Supreme Court improperly denied that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint on grounds of untimeliness. Contrary to the court's determination, "[e]xcept where a motion to renew is based upon a change in the law, which is not the case here, CPLR 2221 does not impose a time limit for making a motion for leave to renew" (Dudley-Lanier v City of New York, 210 AD3d 739, 741 [internal quotation marks omitted]; see Glicksman v Board of Educ./Cent. School Bd. of [*2]Comsewogue Union Free School Dist., 278 AD2d 364, 365). Since the plaintiff's prior motion had been denied with leave to renew, the plaintiff was not required to demonstrate a reasonable justification for his failure to submit the new facts on the prior motion (see Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 711; Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 562). 
Finally, the Supreme Court, upon renewal, should have granted that branch of the plaintiff's prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint. "On a motion for leave to enter a default judgment under CPLR 3215, a plaintiff must submit proof of service of the summons and the complaint, the facts constituting the causes of action, and the defendant's default" (Rattner v Fessler, 202 AD3d 1011, 1014; see CPLR 3215[f]). Here, the plaintiff established his entitlement to a judgment on the issue of liability against the defendant by submitting proof of service of the summons and the complaint, proof of the facts constituting the claim, and proof of the defendant's default (see Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690; Wassertheil v Elburg, LLC, 94 AD3d 753, 753; see also CPLR 3215[f], [g][4][i]). Also, contrary to the court's determination, the plaintiff's prior motion was timely since Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), enacted in March 2020 in response to the COVID-19 pandemic, tolled the statutory deadline of CPLR 3215(c) (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721; Brash v Richards, 195 AD3d 582, 583-585).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to renew that branch of his prior motion which was for leave to enter a judgment on the issue of liability against the defendant upon the defendant's failure to appear or answer the complaint and, upon renewal, should have granted that branch of the plaintiff's prior motion. We remit the matter to the Supreme Court, Queens County, for an inquest on the issue of damages.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court