Law Off. of Ronald D. Weiss, P.C. v Piltan (2025 NY Slip Op 04642)

Law Off. of Ronald D. Weiss, P.C. v Piltan

2025 NY Slip Op 04642

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-02347
 (Index No. 611813/21)

[*1]Law Office of Ronald D. Weiss, P.C., respondent,
v
Robert Babak Piltan, etc., appellant, et al., defendants.

The Nimkoff Firm PLLC, Syosset, NY (Ronald A. Nimkoff of counsel), for appellant.
Law Office of Ronald D. Weiss, P.C., Melville, NY (Rosemarie Klie of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Robert Babak Piltan appeals from a judgment of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated January 2, 2024. The judgment, upon an order of the same court dated November 1, 2022, granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant Robert Babak Piltan, is in favor of the plaintiff and against that defendant in the total sum of $23,000.
ORDERED that the judgment is modified, on the law and the facts, by deleting the provision thereof which is in favor of the plaintiff and against the defendant Robert Babak Piltan in the total sum of $23,000, and substituting therefor a provision which is in favor of the plaintiff and against that defendant in the total sum of $20,125; as so modified, the judgment is affirmed, without costs or disbursements.
In or about June 2021, the plaintiff commenced this action alleging, inter alia, that the defendant Robert Babak Piltan (hereinafter the defendant) breached a retainer agreement in which the plaintiff had agreed to provide legal services to nonparty Ron Hillman and the defendant agreed to pay for those services (hereinafter the Retainer Agreement). The plaintiff moved, among other things, for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant. In opposition, the defendant submitted, inter alia, his own affidavit. The defendant's signature on the affidavit was acknowledged by a notary public in the State of California. In an order dated November 1, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion, determining that the defendant did "not oppose the plaintiff's motion . . . with admissible proof." Thereafter, the defendant moved for leave to renew his opposition to that branch of the plaintiff's prior motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant. In support, the defendant submitted, inter alia, the same affidavit that he had submitted in opposition to the plaintiff's prior motion, along with a certificate of conformity. In an order dated March 3, 2023, the court denied the defendant's motion.
Thereafter, a judgment, upon the order dated November 1, 2022, was entered in favor [*2]of the plaintiff and against the defendant in the total sum of $23,000. The defendant appeals.
The Supreme Court improvidently exercised its discretion by, in effect, declining to consider the defendant's affidavit submitted in opposition to that branch of the plaintiff's motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant, on the ground that the affidavit was not accompanied by a certificate of conformity in accordance with CPLR 2309(c) (see Stiso v Berlin, 176 AD3d 888, 890; Voskoboinyk v Trebisovsky, 154 AD3d 997, 998; Scotti v Barrett, 149 AD3d 998, 1001; Fredette v Town of Southampton, 95 AD3d 940, 942). "[T]he absence of a certificate of conformity is not, in and of itself, a fatal defect" and "may be corrected nunc pro tunc or pursuant to CPLR 2001" (Midfirst Bank v Agho, 121 AD3d 343, 351 [citation omitted]; see Oleynik v Rozenfeld, 230 AD3d 1152, 1155; Willingham v LeJarde, 218 AD3d 518, 518; Caceres v Toyota Motor N. Am., Inc., 216 AD3d 732, 734; Wise v Boyd Bros. Transp., Inc., 194 AD3d 1096, 1097). Nevertheless, contrary to the defendant's contention, his affidavit failed to raise anything other than a "bald assertion of forgery" (82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 799; see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384; D & N Lending, LLC v Tachlis Corp., 221 AD3d 954, 955; Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518; JPMorgan Chase Bank, N.A. v Bauer, 92 AD3d 641, 642). As a result, the defendant's affidavit submitted in opposition to that branch of the plaintiff's motion which was for summary judgment on the first cause of action was insufficient to raise a triable issue of fact as to whether the defendant signed the Retainer Agreement.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant, albeit for a different reason.
In addition, the Supreme Court properly determined that the facts submitted by the defendant in support of his motion for leave to renew his opposition to that branch of the plaintiff's prior motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against him were insufficient to change its prior determination. "A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). CPLR 2221(e)(2) and (3) provide, in relevant part, that "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . [and] shall contain reasonable justification for the failure to present such facts on the prior motion." "'[T]he requirement that a motion for leave to renew be based upon new or additional facts unknown to the movant at the time of the original motion is a flexible one and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made'" (Shvyetsov v 1900 Newkirk Ave., LLC, 217 AD3d 704, 705-706 [internal quotation marks omitted], quoting NP162, LLC v Harding, 197 AD3d 479, 480).
Here, under the circumstances of this case, the defendant established a reasonable justification for his failure to provide the certificate of conformity along with his affidavit in opposition to that branch of the plaintiff's prior motion which was for summary judgment on the first cause of action, to recover damages for breach of contract, asserted against the defendant (see Fuller v Nesbitt, 116 AD3d 999, 1000; see also Shvyetsov v 1900 Newkirk Ave., LLC, 217 AD3d at 706; Defina v Daniel, 140 AD3d 825, 826; Koufalis v Logreira, 102 AD3d 750, 750; Brightly v Dong Liu, 77 AD3d 874, 875). However, upon renewal, the defendant's affidavit was insufficient to raise a triable issue of fact in opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law on the first cause of action.
In considering the arguments raised by the defendant and the allegations set forth in the amended complaint, the total sum awarded to the plaintiff in the judgment must be reduced from $23,000 to $20,125.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court