■ HOWARD BLECHMAN et al., Plaintiffs, v I.J. PEISER'S & SONS, INC., et al., Appellants and Third-Party Plaintiffs-Appellants. MITCHELL J. RUBIN ASSOCIATES, INC., Third-Party Defendant-Respondent. (And Two Other Third-Party Actions.)—Order, Supreme Court, New York County (Shirley Fingerhood,

J.), entered April 28, 1992, which granted the motion by third-party defendant Mitchell J. Rubin Associates, Inc. ("Rubin") for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs. Order of the same court and Justice, entered April 15, 1992, which granted plaintiff's and second third-party defendant Absolute Coating, Inc.'s motion to sever the second third-party action from the main action and the first third-party action, unanimously affirmed, with costs.

In this action to recover property damages arising out of a fire allegedly caused by defendants' negligence and breach of contract in refinishing the floors during a renovation of plaintiffs' apartment, the IAS Court, in summarily dismissing the first third-party complaint, properly determined that no triable issues of fact exist as to whether third-party defendant Rubin Associates was the general contractor of the renovation or otherwise responsible for the supervision, maintenance or overall control of the work. Such was established by Rubin's papers in support of the motion consisting of an affidavit based on personal knowledge and deposition testimony to the effect that its only involvement with the floor renovation was to select the color of the floor stain. In sharp contrast, third-party plaintiffs' opposition to the motion consisted of nothing more than an attorney's affirmation that did not incorporate any of the deposition testimony and which was without evidentiary value *(Zuckerman v City of New York,* 49 NY2d 557, 563).

Although summary judgment is rarely granted in negligence cases, nevertheless, "when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated" *(Andre v Pomeroy,* 35 NY2d 361, 364).

Nor did the IAS Court abuse its discretion in severing the second third-party action from the main action and the first third-party action *(see,* CPLR 1010, 603; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509). The record demonstrates that necessary witnesses in the second third-party action include the manufacturers of the staining materials, their agents, and experts, none of whom have yet been deposed, and that plaintiffs would be substantially prejudiced by a long delay if compelled to await completion of disclosure in the second third-party action, which was commenced more than two years after commencement of the

main action *(see, Vita Food Prods. v Epstein & Sons,* 52 AD2d 522).* Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.