OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff sued defendants the City of New York (City), Consolidated Edison Company of New York (Con Ed), Empire City Subway Co., Ltd. (Empire), and NYNEX Corp. (NYNEX) for injuries caused by her tripping and falling when she stepped into a pothole in the street upon her exiting a taxicab on August 19, 1996. Defendant/third-party plaintiff Con Ed *930 brought a third-party action against third-party defendants Felix Industries Inc. (Felix) and City-Wide Asphalt Paving Co. (City-Wide) for contractual and common-law indemnification, and breach of contract. Defendants Empire and NYNEX move to strike this action from the Trial Calendar, vacate plaintiffs note of issue and certificate of readiness, and direct plaintiff to comply with the notice for discovery and inspection served by said defendants. Third-party defendant City-Wide moves to strike the third-party complaint with prejudice, or in the alternative sever the third-party action, or in the alternative strike the note of issue, and order discovery. Third-party defendant Felix moves to strike the note of issue and vacate the certificate of readiness, or in the alternative sever the third-party action, or in the alternative reserve the right of said third-party defendant to complete discovery. Defendant/third-party plaintiff Con Ed opposes the striking of the third-party complaint or severance of the third-party action, and supports the striking of the action from the Trial Calendar and vacating of plaintiffs note of issue. Plaintiff opposes the motions in their entirety.
Any motion “relating to” discovery or bills of particulars must have served and filed with the motion papers an affirmation that the attorney for the moving party has conferred in good faith with the counsel for the opposing party in order to attempt to resolve the issues that are contained in the motion (22 NYCRR 202.7 [a], [d]). Counsel who wish to make such types of motions are required to do that so as to avoid the unnecessary expenditure of limited judicial resources where the attorneys for the parties could resolve through constructive dialogue the issues that would be raised in a motion. Thus, the branches of the motions here that directly seek discovery must be summarily denied, as mandated by the Appellate Division, First Department (Sixty-Six Crosby Assocs. v Berger & Kramer, 256 AD2d 26 [1st Dept 1998]). The same holds true for a motion that in any way relates to discovery. The Appellate Division, First Department, has so declared as to motions that seek vacatur of notes of issue and certificates of readiness due to assertions that additional discovery is needed (Matos v Mira Realty Mgt. Corp., 240 AD2d 214 [1997]; Vasquez v G.A.P.L.W. Realty, 236 AD2d 311 [1997]). The parts of the motions here that request that the note of issue and certificate of readiness be stricken are all based on alleged incompleteness of discovery. Thus, those motions all must be denied. The portions of the motions which move to strike this action from the Trial *931 Calendar (although the action is actually only on the waiting list) and to strike the third-party complaint or sever the third-party action all are grounded in the alleged need for discovery. Thus, those branches of the motion also pertain to discovery and therefore have to be summarily denied.
Even if this court were not required to summarily deny the portions of the motion which ask for a dismissal or severance of the third-party action, the court still would not dismiss or sever the third-party action. Dismissal or severance of a third-party action is within the sound discretion of a court (CPLR 603, 1010). Here, the third-party action was commenced in a timely fashion on June 17, 1998. That was in compliance with this court’s preliminary conference order which stated that any impleader had to be done by June 20, 1998 (cf, Freel- and v New York Communications Ctr. Assocs., 193 AD2d 511 [1st Dept 1993] [where a severance was held to be proper under circumstances in which the third-party complaint was served 60 days after the date agreed to in the stipulation reached at a pretrial conference for commencement of any impleader action]). Plaintiffs note of issue was filed on September 9, 1998. Given the backlog of cases awaiting calendaring in a Trial Assignment Part in Supreme Court, New York County, particularly where defendant City is a party, it will be quite some time before this action is calendared for trial assignment. The situation here is not one where the third-party action was commenced on the eve of a trial and thus should be severed because such an eve of trial commencement would prejudice a plaintiff by likely delaying the trial (cf., Miro v Branford House, 174 AD2d 363 [1st Dept 1991], and Cortez v New York City Hous. Auth., 163 AD2d 13, 14 [1st Dept 1990] [where severances of third-party actions were granted because the third-party actions were begun on the eve of trial]).
No party would be substantially prejudiced by the court’s not severing the third-party action, under the circumstances of how this action is presently before this court (cf., Blechman v Peiser’s & Sons, 186 AD2d 50, 51-52 [1st Dept 1992] [where a severance was granted because plaintiffs would have suffered a long delay if they had to await the completion of discovery in a second third-party action]). The factual and legal issues involved in the main complaint and the third-party action are sufficiently intertwined that having all the parties in the same action is more efficient for judicial economy and the ultimate resolution of this action (cf., Pena v City of New York, 222 *932 AD2d 233 [1st Dept 1995] [where the Court held that, although it was desirable to try the main action and the third-party complaint together, severance was appropriate because third-party plaintiff caused delays in discovery]).
Therefore, all of the motions must be denied. The portions of the motions seeking discovery and a severance of the third-party action may be renewed upon proper papers, if desired, such as where a movant can show unusual or unanticipated circumstances to allow discovery after the filing of the note of issue, pursuant to 22 NYCRR 202.21 (d), or where discovery in the third-party action is still outstanding when this action finally reaches a Trial Assignment Part and is actually nearing a trial date (Chin v City of New York, NYLJ, Oct. 26, 1998, at 29, col 1 [Sup Ct, NY County]). Although discovery is now stayed, pursuant to CPLR 3214 (b), by the pendency of summary judgment motions that have not yet been submitted, once they are determined, any of the parties may contact the clerk of this court’s Part to set up a conference to avoid the need for any further motion practice.