U.S. Bank N.A. v Love (2020 NY Slip Op 05794)





U.S. Bank N.A. v Love


2020 NY Slip Op 05794


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-12734
 (Index No. 34558/06)

[*1]U.S. Bank National Association, etc., respondent,
v
Patricia Love, et al., defendants, David Cohan, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Brenda Beauchamp Ward and Andrew Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant David Cohan appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 31, 2018. The order granted the plaintiff's motion to restore the action to active status.
ORDERED that the order is affirmed, with costs.
Contrary to the contention of the defendant David Cohan, the action was never properly dismissed pursuant to CPLR 3216(a). "A case cannot be dismissed pursuant to CPLR 3216(a) . . . unless a written demand is served upon 'the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the 'default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him [or her] for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235 [emphasis omitted], quoting CPLR 3216[b][3]). Here, an order dated August 18, 2016, which purported to serve as a 90-day notice pursuant to CPLR 3216, "was defective in that it failed to state that the plaintiff's failure to comply with the notice 'will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021, quoting CPLR 3216[b][3]; see Element E, LLC v Allyson Enters., Inc., 167 AD3d 981, 982). Moreover, the purported dismissal was not properly effectuated pursuant to the requirements of CPLR 3216, since, among other things, the Supreme Court never issued any subsequent order dismissing the action (see Element E, LLC v Allyson Enters., Inc., 167 AD3d at 982; see also Cadichon v Facelle, 18 NY3d at 236). Accordingly, we agree with the court's determination to grant the plaintiff's motion to restore the action to active status (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 21).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court