Kemp v 1000 Broadway, LLC (2022 NY Slip Op 02121)





Kemp v 1000 Broadway, LLC


2022 NY Slip Op 02121


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2020-07646
 (Index No. 514687/16)

[*1]Constance Kemp, appellant, 
v
1000 Broadway, LLC, respondent, et al., defendants.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Demi Sophocleous and Gerardo L. Espinoza of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 9, 2020. The order denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 3126 to preclude the defendants from offering video surveillance footage of the plaintiff at trial.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell. Thereafter, the plaintiff moved, inter alia, in effect, pursuant to CPLR 3126 to preclude the defendants from offering video surveillance footage of the plaintiff at trial based upon the defendants' purported failure to comply with their disclosure obligations under CPLR 3101(i). In an order dated September 9, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to 22 NYCRR 202.7(a)(2), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting "that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (Hubbell, Inc. v Lazy Swan Golf & Country Club LLC, 187 AD3d 1448, 1450). Here, the plaintiff failed to submit an affirmation of good faith indicating that efforts had been made to resolve the CPLR 3101(i) related discovery issue prior to engaging in motion practice (see 22 NYCRR 202.7[a][2]; Belle-Fleur v Desriviere, 178 AD3d 993, 994-995; Perez v Stonehill, 121 AD3d 960, 961).
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, in effect, pursuant to CPLR 3126 to preclude the defendants from offering video surveillance footage of the plaintiff at trial.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court