Steele v Samaritan Found., Inc. (2022 NY Slip Op 05227)

Steele v Samaritan Found., Inc.

2022 NY Slip Op 05227

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2019-11018
2020-03818
 (Index No. 2214/16)

[*1]Nikaiya Steele, appellant, 
v
Samaritan Foundation, Inc., et al., respondents.

Sobo & Sobo, LLP, Middletown, NY (John A. Del Duco III of counsel), for appellants.
Rutherford Christie, LLP, New York, NY (Michael C. Becker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 26, 2019, and (2) an order of the same court dated May 8, 2020. The order dated August 26, 2019, granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the plaintiff's complaint for failure to provide court-ordered discovery, and directed dismissal of the action. The order dated May 8, 2020, denied the plaintiff's motion pursuant to CPLR 5015 to vacate the order dated August 26, 2019, and to restore the action to the calendar.
ORDERED that the order dated August 26, 2019, is reversed, on the law and in the exercise of discretion, and that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the plaintiff's complaint is denied; and it is further,
ORDERED that the appeal from the order dated May 8, 2020, is dismissed as academic in light of our determination on the appeal from the order dated August 26, 2019; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained on May 8, 2013. The plaintiff was an in-patient at the defendants' substance abuse treatment facility when she allegedly slipped and fell on a wet floor, sustaining an injury to her right knee. The parties appeared for a pretrial conference on July 10, 2019. During the conference, the defendants requested that the plaintiff, in effect, provide updated authorizations to allow them to subpoena her medical records for use at trial, which was then scheduled to begin on August 26, 2019. The Supreme Court orally directed the plaintiff to provide the authorizations by July 24, 2019. The plaintiff did not comply with the deadline, although she did serve an initial set of trial authorizations on August 14, 2019, followed by additional authorizations requested by the defendants over the course of the next week.
On August 19, 2019, the defendants moved, inter alia, in effect, pursuant to CPLR 3126 to strike the plaintiff's complaint for failing to comply with the court-ordered deadline to provide the trial authorizations. The plaintiff opposed the motion. On August 26, 2019, the Supreme Court heard argument on the defendants' motion, at which time the defendants had received all the requested authorizations. Immediately after hearing argument, the court granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the plaintiff's complaint, and directed dismissal of the action.
The plaintiff thereafter moved pursuant to CPLR 5015 to vacate the August 26, 2019 order and to restore the action to the calendar. By order dated May 8, 2020, the Supreme Court denied the plaintiff's motion.
The plaintiff appeals from the order dated August 26, 2019, and the order dated May 8, 2020. We reverse the order dated August 26, 2019, and dismiss the appeal from the order dated May 8, 2020, as academic.
"Pursuant to 22 NYCRR 202.7(a)(2), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting that [he or she] has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (Kemp v 1000 Broadway, LLC, 203 AD3d 1153, 1153 [internal quotation marks omitted]). "The affirmation shall indicate the time, place[,] and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 843-844 [internal quotation marks omitted]). The good faith efforts may be explained in counsel's primary affirmation submitted in support of the motion or in a separate affirmation that serves specifically to discuss such efforts (see Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233). "Failure to provide an affirmation of good faith . . . warrants denial of the motion" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844). Here, the defendants failed to attest that any good faith efforts had been made to secure the outstanding trial authorizations prior to engaging in motion practice, and the record indicates that, in fact, the defendants failed to undertake any such efforts, thereby warranting denial of their motion for that reason alone (see id. at 844).
In any event, the extreme sanction imposed by the Supreme Court was not warranted (see Oller v Liberty Lines Tr., Inc., 111 AD3d 903, 904; Tine v Courtview Owners Corp., 40 AD3d 966, 967). "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Gelin v New York City Tr. Auth., 189 AD3d 789, 792 [internal quotation marks omitted]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652 [internal quotation marks omitted]). "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Rector v City of New York, 174 AD3d 660, 660-661 [internal quotation marks omitted]). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Sansone v Syracuse Univ., 202 AD3d 851, 852 [internal quotation marks omitted]). Here, nothing in the record supports a conclusion that the plaintiff's delay in providing the trial authorizations was the result of willful and contumacious conduct (see Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 738-739). Moreover, the plaintiff provided the authorizations to the defendants, albeit tardily, in advance of trial (see Nunez v Laidlaw, 150 AD3d 1124, 1126; Palmieri v Piano Exch., Inc., 124 AD3d at 612; Piper-Rader v Muslim, 99 AD3d 686, 686-688).
Accordingly, the Supreme Court improvidently exercised its discretion by granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the plaintiff's complaint.
In view of the foregoing, the appeal from the order dated May 8, 2020, which denied the plaintiff's motion pursuant to CPLR 5015 to vacate the order dated August 26, 2019, and to restore the action to the calendar, must be dismissed as academic (see HSBC Bank USA, N.A. v Spitz, 201 AD3d 708, 709; U.S. Bank N.A. v Papanikolaw, 197 AD3d 767, 768).
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court