Anuchina v Marine Transp. Logistics, Inc. (2023 NY Slip Op 02858)

Anuchina v Marine Transp. Logistics, Inc.

2023 NY Slip Op 02858

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-03804
 (Index No. 503777/19)

[*1]Svetlana Anuchina, appellant,
v
Marine Transport Logistics, Inc., et al., respondents.

Law Office of Eduardo Glas, P.C., New York, NY (Eduardo J. Glas of counsel), for appellant.
Garry Pogil, New York, NY, for respondents.

DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 3, 2021. The order denied the plaintiff's motion pursuant to CPLR 3126, inter alia, to strike the defendants' answer.
ORDERED that the order is affirmed, with costs.
In February 2019, the plaintiff commenced this action for declaratory relief against the defendant Marine Transport Logistics, Inc., and its president, the defendant Alla Solovyeva. In February 2020, the plaintiff moved to compel the defendants to produce certain documents, including emails. In an order dated September 3, 2020, the Supreme Court, inter alia, directed the defendants, who had previously produced thousands of pages of emails, to either produce all emails or to provide an affidavit attesting to their search efforts pursuant to Jackson v City of New York (185 AD2d 768). The defendants thereafter produced an affidavit in response to the order, but the plaintiff objected to the affidavit as insufficient. Following a series of emails between the parties' attorneys, in March 2021, the defendants' attorney agreed to his adversary's requests and indicated that the defendants would search for additional emails. The plaintiff's attorney noted that he would give the defendants 20 days to provide the materials. The defendants' attorney subsequently asked the plaintiff's attorney for an extension of approximately one month on the deadline. The defendants' attorney noted that one of the defendants was experiencing some medical issues and was unable to access her office. The plaintiff's attorney rejected this request and thereafter moved pursuant to CPLR 3126, among other things, to strike the defendants' answer due to their alleged failure to provide court-ordered discovery. In an order dated May 3, 2021, the court denied the motion, and the plaintiff appeals.
Initially, the Supreme Court incorrectly determined that the plaintiff failed to submit word count certifications with her motion pursuant to the Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR 202.8-b[a], [c]). The record reveals that the plaintiff submitted the required certifications. Even if the plaintiff had failed to do so, the court should have overlooked such a technical defect (see Wetzel v Systra USA Inc., 2022 NY Slip Op 33728[U], *2 [Sup Ct, NY [*2]County]; Young v City of New York, 164 AD3d 711, 712-713; Macias v City of Yonkers, 65 AD3d 1298, 1299).
However, the Supreme Court properly denied the plaintiff's motion due to her attorney's failure to comply with the good faith requirements of 22 NYCRR 202.7. Pursuant to that rule, "'a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting that he or she has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion'" (Steele v Samaritan Found., Inc., 208 AD3d 1265, 1267 [alterations omitted], quoting Kemp v 1000 Broadway, LLC, 203 AD3d 1153, 1153). The purpose of this rule is "to avoid the unnecessary expenditure of limited judicial resources" in circumstances "where the attorneys for the parties could resolve . . . the issues that would be raised in a motion [through constructive dialogue]" (Nikpour v City of New York, 179 Misc 2d 928, 930 [Sup Ct, NY County]; cf. Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483). "The affirmation 'shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held'" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 843-844, quoting 22 NYCRR 202.7[c]). Assuming such good cause does not exist, the affirmation must "refer to . . . communications between the parties . . . evinc[ing] a diligent effort by the [movant] to resolve the discovery dispute" (Roye v Gelberg, 172 AD3d 1260, 1263). "The good faith efforts may be explained in counsel's primary affirmation submitted in support of the motion or in a separate affirmation that serves specifically to discuss such efforts" (Steele v Samaritan Found., Inc., 208 AD3d at 1267), although the latter is the "better practice" (Encalada v Riverside Retail, LLC, 175 AD3d 467, 468). "'Failure to provide [such] an affirmation . . . warrants denial of the motion'" (Steele v Samaritan Found., Inc., 208 AD3d at 1267, quoting Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844).
Here, the affirmation of the plaintiff's attorney failed to evince a sufficiently diligent effort to resolve the dispute before seeking judicial intervention (see Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844). Moreover, contrary to the plaintiff's contention, the rule was applicable to her motion (see e.g. Steele v Samaritan Found., Inc., 208 AD3d at 1266-1267; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 454-455).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3126, inter alia, to strike the defendants' answer.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court