## Thermald Realty Assoc. I LLP v Monk Thrift Shop Inc

### 2024 NY Slip Op 33281(U)

### September 17, 2024

### Supreme Court, New York County

### Docket Number: Index No. 655740/2021

### Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ARLENE P. BLUTH                                PART                    14

*Justice*

-------------------------------------------------------------------------------X

THERMALD REALTY ASSOCIATES I LLP,

                           Plaintiff,

                     - v -

MONK THRIFT SHOP INC, AMIRA MAHMOUD, MAGDY
IBRAHIM

                        Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655740/2021 |
| MOTION DATE | 09/16/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for           VACATE/STRIKE - NOTE OF ISSUE     .

Defendants' motion to strike the note of issue is denied.

**Background**

In this case about purportedly unpaid rent, defendants seek to vacate the note of issue filed by plaintiff. To put this dispute in perspective, the entire complaint was one paragraph. It specified the months that the rent was unpaid and alleged the total amount due. Among other things, the lease and rent ledger were produced during discovery. No counterclaims were asserted.

On this motion, the affirmation of good faith from defendant's counsel seeking to strike the note of issue admits that plaintiff uploaded a letter dated July 8, 2024 which stated that all of defendants' demands were responded to and that plaintiff wanted to file a note of issue. However, counsel for defendants insists that "While it is true that the Defendant [sic] did provide "responses" to the Defendant's discovery demands and interrogatories, the same were not

655740/2021   THERMALD REALTY ASSOCIATES I LLP vs. MONK THRIFT SHOP INC ET AL          Page 1 of 4
Motion No.  001

1 of 4

adequate, complete or in any way meaningful" (NYSCEF Doc. No. 21, ¶ 4). Defendants point out that plaintiff submitted these responses to defendants' discovery demands in May 2024, but now claim that the responses were deficient.

In opposition, plaintiff argues that it was not aware of any outstanding discovery or any discovery disputes until the filing of this motion. It details that the parties entered into a preliminary conference order in August 2023 (NYSCEF Doc. No. 10). Plaintiff observes that defendants e-filed their discovery demands in early May 2024 and that it responded on May 15, 2024. Its counsel attaches email correspondence dated June 12, 2024 in which he follows up about the discovery status of the case (NYSCEF Doc. No. 31). This email also mentions that plaintiff wanted to notice the case for trial (*id.*).

Plaintiff contends that defendants did not respond to this inquiry and that it reached out again to counsel for defendants on June 26, 2024 (NYSCEF Doc. No. 32). In this email, plaintiff's attorney noted that "This is a final follow up. We have been directed by the Court to upload a letter on or before July 11, 2024, regarding the status of discovery. If your client has no settlement offer prior to the close of business this week, we intend to notify the Court that the matter is ready for trial. Please let me know if you have any questions" (*id.*). Plaintiff maintains that counsel for defendants did not respond and so it uploaded a letter on July 8, 2024 explaining that it had served discovery responses and requesting permission to file a note of issue.

Defendants did not upload anything in response to plaintiff's letter and so, after waiting until the Court's July 11, 2024 deadline, the Court issued an order dated July 12, 2024 granting plaintiff permission to file a note of issue.

Defendants did not submit a reply on this motion.

655740/2021   THERMALD REALTY ASSOCIATES I LLP vs. MONK THRIFT SHOP INC ET AL          Page 2 of 4
   Motion No.  001

2 of 4

**Discussion**

The Court denies the motion. 22 NYCRR 202.7(a) provides, in pertinent part, that when filing a motion, an attorney must submit "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." 22 NYCRR 202.7(c) states that "The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held."

Defendants' affirmation of good faith fails to satisfy these requirements. Counsel for defendants only offers a conclusory assertion that "Our office has conferred in good faith with the other parties to resolve the issues that are the subject of the within motion" (NYSCEF Doc. No. 21, ¶ 2). No details are provided about when these discussions occurred except for the vague contention that "Our office did return a call from defense [sic] counsel but was unable to reach counsel for the Defendant [sic] regarding the inadequacy of these responses" (*id*. ¶ 5). Obviously, a single effort to return a call which lacks any detail, such as the date when it occurred, is not evidence of a good faith effort to resolve a purported discovery dispute (*see Anuchina v Mar. Transp. Logistics, Inc.,* 216 AD3d 1126, 1128, 191 NYS3d 74 [2d Dept 2023] [analyzing an insufficient affirmation in good faith under 22 NYCRR 202.7]).

In fact, the instant record demonstrates that plaintiff responded to defendants' discovery demands in May 2024 and then defendants failed to confer with plaintiff. In contrast to defendants' moving papers, plaintiff attached email correspondence that shows its efforts to move this case forward. Defendants, because they did not bother to submit a reply, therefore do not dispute plaintiff's assertions in opposition that they wholly failed to respond to plaintiff's

655740/2021   THERMALD REALTY ASSOCIATES I LLP vs. MONK THRIFT SHOP INC ET AL          Page 3 of 4
  Motion No.  001

[* 3]

3 of 4

emails about the status of discovery. Nor did defendants upload anything to NYSCEF, such as a letter or a motion, to indicate that they were unsatisfied with plaintiff's discovery responses. Instead, defendants did nothing and waited until after plaintiff filed a note of issue to suddenly raise issues with plaintiff's discovery responses. At best, that demonstrates a lack of attention to this case. At worst, it suggests a strategy to delay this nearly three-year old case.

The fact is that this is not a complicated case; it is based on a one paragraph complaint and an answer with no counterclaims from three years ago. Plaintiff has already specified the months due in the complaint and has produced the rent ledger and the lease.

Defendants had ample opportunity and regular prompting from both counsel for plaintiff and this Court to raise concerns about discovery. Yet, for some unexplained reason, defendants did not say anything about plaintiff's discovery responses and so plaintiff, as was its right, sought to move this case to trial. Defendants did not meet their burden to cite a reasonable explanation for why they ignored plaintiff and this Court and waited so long to complain about discovery.

Accordingly, it is hereby

ORDERED that defendants' motion to strike the note of issue is denied.

| | | | |
|---|---|---|---|
| **9/17/2024** | | | |
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655740/2021   THERMALD REALTY ASSOCIATES I LLP vs. MONK THRIFT SHOP INC ET AL**          **Page 4 of 4**
**Motion No.  001**

4 of 4