Meraj v Walgreens Co. (2025 NY Slip Op 06856)

Meraj v Walgreens Co.

2025 NY Slip Op 06856

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-10736
 (Index No. 12325/11)

[*1]Tahseen Meraj, et al., respondents, 
vWalgreens Co., et al., defendants third-party plaintiffs-appellants, et al., defendants; Reed-Mackinnon Company, LLC, third-party defendant-appellant.

Baker Greenspan & Bernstein, Bellmore, NY (Robert L. Bernstein, Jr., of counsel), for defendants third-party plaintiffs-appellants.
Gartner & Bloom P.C., New York, NY (Alexander D. Fisher of counsel), for third-party defendant-appellant.
Goldberg & Cohn, LLP, Brooklyn, NY (Elliott S. Martin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants third-party plaintiffs and the third-party defendant separately appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 17, 2023. The order granted the plaintiffs' motion to restore the action to the active calendar and denied the separate cross-motions of the defendants third-party plaintiffs and the third-party defendant pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order is affirmed, with one bill of costs to the plaintiffs payable by the defendants third-party plaintiffs and the third-party defendant appearing separately and filing separate briefs.
In December 2011, the plaintiffs commenced this action, inter alia, to recover damages for injury to property against, among others, the defendants Walgreens Co., W-8 Brooklyn Avenue U, LLC, Walgreens Eastern Co., Inc., and Unicorp National Development, Inc. (hereinafter collectively the Unicorp defendants). The plaintiffs alleged that during the course of a construction project on property adjacent to the plaintiffs' residence in Brooklyn, the Unicorp defendants caused significant property damage to that residence. The Unicorp defendants commenced a third-party action against Reed-Mackinnon Company, LLC (hereinafter Reed-Mackinnon). In an order dated November 17, 2021, the plaintiffs were directed to file a note of issue on or before September 9, 2022. However, in July 2022, the action was marked disposed.
Thereafter, the plaintiffs moved to restore the action to the active calendar. The Unicorp defendants and Reed-Mackinnon separately cross-moved pursuant to CPLR 3126 to strike the complaint for excessive delays in completing discovery. In an order dated October 17, 2023, the Supreme Court granted the plaintiffs' motion and denied the separate cross-motions. The Unicorp defendants and Reed-Mackinnon separately appeal.
The Supreme Court properly granted the plaintiffs' motion to restore the action to the active calendar. Since this action was in pre-note of issue status, "the marking-off procedures of CPLR 3404 do not apply" (Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). Moreover, an action cannot be dismissed pursuant to CPLR 3216 without service of a valid 90-day notice (see Moreau v Cayton, 203 AD3d 818, 818; U.S. Bank N.A. v Love, 187 AD3d 964, 964), and no such notice was served. Further, there was no order of the court dismissing the action pursuant to 22 NYCRR 202.27 (see Guillebeaux v Parrott, 188 AD3d 1017, 1017). Under these circumstances, restoration of the action to active status is automatic (see Rosario v Cummins, 222 AD3d 897, 897; Fifth Third Mtge. Co. v Schiro, 210 AD3d 953, 954).
Pursuant to 22 NYCRR 202.7(a), a motion relating to disclosure must include "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." "The affirmation 'shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held'" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 843-844, quoting 22 NYCRR 202.7[c]). "The good faith efforts may be explained in counsel's primary affirmation submitted in support of the motion or in a separate affirmation that serves specifically to discuss such efforts" (Steele v Samaritan Found., Inc., 208 AD3d 1265, 1267). "'Failure to provide an affirmation of good faith . . . warrants denial of the motion'" (id., quoting Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844).
Here, Reed-Mackinnon failed to attest that any good-faith efforts in compliance with 22 NYCRR 202.7 were made prior to engaging in motion practice (see Steele v Samaritan Found., Inc., 208 AD3d at 1267). Moreover, the Unicorp defendants' affirmation of good faith did not substantively comply with the requirements of 22 NYCRR 202.7, as it did not recite an adequate explanation as to why the Unicorp defendants did not attempt to confer with the plaintiffs to resolve the discovery dispute prior to engaging in motion practice (see Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844). Thus, the denial of the cross-motions was warranted on this basis alone (see Steele v Samaritan Found., Inc., 208 AD3d at 1267; Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844).
In any event, "[p]ursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading . . . , where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Gelin v New York City Tr. Auth., 189 AD3d 789, 792 [internal quotation marks omitted]). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court" (id.). "Nevertheless, public policy strongly favors the resolution of cases on their merits" (id.). "Therefore, the drastic remed[y] of striking a pleading . . . [is] not appropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (id. at 792-793). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Patrick v Lend Lease [US] Constr. LMB, Inc., 203 AD3d 836, 838 [internal quotation marks omitted]).
Here, nothing in the record supports a conclusion that any discovery delays were due to willful and contumacious conduct of the plaintiffs (see Palmieri v Piano Exch., Inc., 124 AD3d 611, 612; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 738-739).
Accordingly, the Supreme Court properly denied the cross-motions of the Unicorp defendants and Reed-Mackinnon pursuant to CPLR 3126 to strike the complaint.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court