Sanchez v Uber Tech., Inc. (2026 NY Slip Op 00926)

Sanchez v Uber Tech., Inc.

2026 NY Slip Op 00926

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-09034
 (Index No. 518923/20)

[*1]Mauricio Sanchez, appellant, 
vUber Technologies, Inc., et al., defendants, Jose Chimborazo, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovitz (Marjorie E. Bornes, Freeport, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated June 28, 2024. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant Jose Chimborazo for failure to appear for a deposition or, in the alternative, to compel that defendant to appear for a deposition, without prejudice to renewal upon the submission of an affirmation of good faith in full compliance with 22 NYCRR 202.7.
ORDERED that the order is affirmed, with costs.
In October 2020, the plaintiff, Mauricio Sanchez, commenced this action against the defendant Jose Chimborazo (hereinafter the defendant), among others, to recover damages for personal injuries he allegedly sustained on September 9, 2018, in a motor vehicle accident. The defendant interposed an answer.
The Supreme Court issued a preliminary conference order dated June 29, 2021, directing, inter alia, that all depositions must be completed prior to a compliance conference, which was to be held on January 12, 2022.
A compliance conference order dated February 25, 2022, was issued by the Supreme Court, upon the default of all parties. The compliance conference order, among other things, directed that the plaintiff's deposition must be completed on or before September 8, 2022, and all remaining depositions must be completed on or before December 7, 2022.
The plaintiff's deposition was held on January 4, 2023, and the defendant's deposition was scheduled for January 17, 2023. On January 16, 2023, the plaintiff moved pursuant to CPLR 3126 to strike the defendant's answer for failure to appear for a deposition or, in the alternative, to compel the defendant to appear for a deposition. In an order dated February 10, 2023, the Supreme Court "denied [the plaintiff's motion] without prejudice and with leave to renew upon full compliance with 22 NYCRR 202.7(c)."
In March 2024, the plaintiff moved to extend his time to file a note of issue. In an order dated April 30, 2024, the Supreme Court granted the plaintiff's motion without opposition, and directed the "Defendants to appear for [examination before trial] as scheduled on May 16, 2024." The court further directed that "[f]ailure to comply shall result in sanctions pursuant to CPLR 3126 upon further motion."
In May 2024, the plaintiff moved, for a second time, pursuant to CPLR 3126 to strike the defendant's answer for failure to appear for a deposition or, in the alternative, to compel the defendant to appear for a deposition. In an order dated June 28, 2024, the Supreme Court "denied [the plaintiff's motion] without prejudice to a motion and Affirmation of Good Faith made in full accordance with [22] NYCRR 202.7." The plaintiff appeals.
"All discovery motions must include 'an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion'" (Bayview Loan Servicing, LLC v Evanson, 230 AD3d 1091, 1092, quoting 22 NYCRR 202.7[a]). "The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held" (22 NYCRR 202.7[c]; see Sanchez v St. John's Univ., 224 AD3d 859, 860). "Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion" (Bayview Loan Servicing, LLC v Evanson, 230 AD3d at 1092 [internal quotation marks omitted]).
Here, the plaintiff failed, inter alia, to identify the names of the examination before trial clerks and the attorneys involved in the communications (see Steele v Samaritan Found., Inc., 208 AD3d 1265, 1267; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455), nor did the plaintiff annex certain emails to the defendant to his motion papers (see Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 712; Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233). Under these circumstances, the Supreme Court properly denied the plaintiff's motion based on his failure to substantively comply with the requirements of 22 NYCRR 202.7 (see Bayview Loan Servicing, LLC v Evanson, 230 AD3d at 1092; Steele v Samaritan Found., Inc., 208 AD3d at 1267).
In light of our determination, the plaintiff's remaining contention has been rendered academic.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court