Kurtanidze v Fasino (2026 NY Slip Op 01346)

Kurtanidze v Fasino

2026 NY Slip Op 01346

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11152
 (Index No. 521493/20)

[*1]Tamar Kurtanidze, appellant, 
vSalvatore Fasino, respondent, et al., defendant.

Shakhnevich Law Group P.C., Brooklyn, NY (Steven Shakhnevich and Andrei A. Popescu of counsel), for appellant.
James F. Butler, Jericho, NY (Linda Meisler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated July 19, 2023. The order granted the defendant Salvatore Fasino's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant Salvatore Fasino's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant Salvatore Fasino (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated July 19, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Initially, the Supreme Court improvidently exercised its discretion in declining to consider the plaintiff's opposition papers on the ground that she failed to submit a word count certification with her opposition as required by 22 NYCRR 202.8-b(c). Under the particular circumstances of this case, the court should have overlooked such a technical defect and considered the opposition (see Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126, 1127; see also Abramowitz v Stephen P. Esposito, M.D., P.C., 234 AD3d 652, 654).
The defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under the significant limitation of use category of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In [*2]opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the cervical region of her spine under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court