People v Escoto (2026 NY Slip Op 50404(U))

[*1]

People v Escoto

2026 NY Slip Op 50404(U) [88 Misc 3d 1241(A)]

Decided on March 23, 2026

District Court Of Suffolk County, First District

Leonick, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 23, 2026
District Court of Suffolk County, First District

People of the State of
New York,

againstChristopher J. Escoto, Defendant.

Docket No. CR-016730-25SU

For Defendant:Sarah Schutzenbach, Esq.Legal Aid Society of Suffolk
County400 Carleton Ave.Central Islip, NY 11722For the People:A.D.A. Nicholas Kalaygianfor Raymond A. Tierny, District Attorney of the County of
Suffolk
 
James F. Leonick, J.

Upon the following papers numbered 1 to 4, read on Defendant's omnibus motion:
Notice of Motion, Affirmation in Support 1, 2; People's Affirmation in Opposition to
Defendant's Motion 3: People's Memorandum of Law 4; Reply to People's
Affirmation and Memorandum in Opposition to Defendant's Motion 5; it is
ORDERED that the motion by the defendant is resolved as follows:
The Defendant is charged with one count of violating Penal Law § 120.00 (03), assault
in the third degree, a class A misdemeanor. It is alleged that on July 24, 2025, the Defendant
recklessly swung a metal air hose causing injury to the complainant's face. The Defendant was
arraigned on August 13, 2025. The prosecution (referred to herein as "the People") filed their
Certificate of Compliance and Statement of Readiness (hereinafter COC and SOR respectively)
on November 10, 2025. Defense Counsel sent an email to the People on November 20, 2025
containing a list of ten alleged discovery deficiencies. The People did not respond to Defense
Counsel's email. The Defendant filed the instant motion on December 9, 2025 arguing the People
failed to comply with CPL Article 245 in that they failed to turn over discoverable material
rendering their COC and SOR invalid. The People oppose arguing that they have exercised due
diligence and made reasonable inquiries to obtain and share discoverable material in their
possession, custody and control in that the alleged missing items of discovery are either [*2]not subject to automatic discovery, do not exist, or are substantively
duplicative and insignificant.
COC CHALLENGECPL 245.50 (1)
was amended to provide that a Certificate of Compliance can be filed by the prosecution even if
certain materials or information were not obtained, if the prosecution exercised "due diligence"
and acted in good faith. Due diligence is now defined in Section 245.50 (5). In determining
whether the prosecution has exercised due diligence, the Court is to "look at the totality of the
party's efforts to comply with the provisions of this article, rather than assess the party's effort's
item by item." (CPL 245.50 [5]). The factors that have been codified for the Court to consider in
making a determination of whether the prosecution has exercised due diligence include, but are
not limited to: the efforts made by the prosecution and the prosecutor's office to comply with the
statutory requirements; the volume of discovery provided and outstanding; the complexity of the
case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material
existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised
of any allegedly missing discovery; whether the prosecution self-reported the error and took
prompt remedial action without court intervention; whether the prosecution's delayed disclosure
of discovery was prejudicial to the defense or otherwise impeded the defense's ability to
effectively investigate the case or prepare for trial. (CPL 245.50 [5] [a]).
CPL 245.50 provides the standards for challenging a COC. The statute now requires that
once the People file a COC, a defendant must notify the People of any potential deficiencies in
the COC by making "good faith efforts to confer with the [prosecution] regarding the specific
and particularized matters" regarding any alleged missing discovery. Then, if "no accommodation
can be reached," the defense may file a motion to invalidate the People's COC provided that: (1)
they do so within thirty-five days of the service of the People's COC; and (2) they file an
accompanying affirmation stating that the defense "conferred in good faith or timely made good
faith efforts to confer with the [prosecution] regarding the specific and particularized matters
forming the basis for such challenge, that efforts to obtain the missing discovery from the
[prosecution] or otherwise resolve the issues raised were unsuccessful, and that no
accommodation could be reached." (CPL 245.50 [4] [b]-[c]).
CPL 245.50 (4) (c) (i) provides "Upon request, the court may extend the time period to
challenge a certificate of compliance or supplemental certificate of compliance beyond the
thirty-five days for good cause shown. A request for extension shall be made before the
expiration of the thirty-five days. Unless the court finds that the prosecutor unreasonably delayed
in responding to the defense's good faith efforts to confer or that the prosecutor did not file the
certificate of compliance in good faith, any such extension shall be excluded from a speedy trial
calculation . . . "
The purpose behind this new conferral requirement is similar to the mandate in the civil
context. "The purpose of this [conferral and attestation] rule is to avoid the unnecessary
expenditure of limited judicial resources in circumstances where the attorneys ... could resolve ...
the issues that would be raised in a motion [through constructive dialogue]." (People v
Whitney, 245 N.Y.S.3d 900, 906—07 [Crim Ct, Bronx County 2025], citing Anuchina v Marine Transport Logistics,
Inc., 216 AD3d 1126, 191 N.Y.S.3d 74 [2d Dept 2023]).
The purported "conferral" here never took place. Instead, it is taking place through motion
practice with Defendant's queries being addressed in the People's Opposition papers. A [*3]conversation should have taken place prior to motion practice and
not in the motion papers. The intended purpose of the statute is for the prosecutor and defense
counsel to attempt to resolve their discovery issues without seeking Court intervention. Initial
and often trivial discovery discrepancies should be resolved by the parties. The Court will
entertain the instant motion, however future motions of this type will be denied outright, in the
absence of actual conferral. The Court notes that the Defendant did notify the People in a timely
manner by email of their perceived discovery deficiencies. The People then had twenty-five days
to address these queries and failed to do so. This is precisely the type of scenario where the
Defendant is permitted to request an extension to file their COC challenge. (CPL 245.50 [4] [c]
[i]). Should the Court find the prosecutor unreasonably delayed in responding to the Defendant's
good faith efforts to confer, the court can charge this time to the People. This should serve as
strong incentive for the People to address a defendant's queries within a reasonable timeframe.
While the Court can empathize with the difficulties in adhering to these new statutorily imposed
timelines, the spirit of the recent amendments to Article 245 is to facilitate a holistic approach to
compliance, in a timely fashion, only requiring Court intervention if disputes cannot be resolved.
This can be achieved through open communication, which has not occurred here. 
The Defendant's challenges are addressed as follows.
a) Information regarding the "manager" observed speaking to law enforcement on body worn
camera footage (hereinafter "BWC").The People represent that the identity and contact
information of the individual in question was not obtained by the Suffolk County Police
Department (SCPD), and that the individual does not appear in any of the paperwork generated
by the SCPD. CPL 245.20 (1) (c) requires the People turn over "the names and adequate contact
information for all persons other than law enforcement personnel whom the prosecutor knows to
have evidence or information relevant to any offense charged or to any potential defense thereto,
including a designation by the prosecutor as to which of those persons may be called as
witnesses." It cannot be assumed that just because the police spoke to an individual, that said
individual has information relevant to the offense charged or defense thereto. (See People v Loja, 86 Misc 3d 318,
325 [Crim Ct, Bronx County 2025] [There is a host of reasons why the police may elect not to
obtain the contact information of every person on scene]). Based on the People's representations,
information as it relates to the individual in question is not in the People's possession and
therefore not subject to automatic discovery.
b) Information regarding the individual observed on BWC giving medical attention to the
complainant.The People represent that the individual that was observed on scene giving
medical attention to the Defendant was one of the responding medical personnel from the East
Farmingdale Fire Company. Emergency medical personnel are not employed workers in a law
enforcement capacity and therefore not under the control of the People. (See People v
Markovtsii, 81 Misc 3d 225 [Crim Ct, Kins County 2023]). Information regarding this
individual is not deemed to be in the possession of the People and therefore not subject to
automatic discovery. Further, this information can be obtained by the Defendant via subpoena
duces tecum to the East Farmingdale Fire Company. (See CPL 245.20 [2], See also People v Ortega, 86 Misc 3d
1250[A] [Crim Ct, Bronx County 2025] [contact information for the FDNY first responders
observed on BWC is not deemed in the possession of the police and available to the Defendant
via subpoena).
c) Information regarding medical treatment that the complaining witness may have
received.The People represent that the only medical treatment information they are in
possession of is that in the sworn statement of the complainant which has been turned over. They
further relay that the acquisition of medical records requires a HIPAA form signed by the
complainant which they have been unable to obtain. The People have sufficiently demonstrated
in their opposition that they have made diligent good faith efforts to obtain an executed HIPAA
from the complainant but have been unsuccessful in their attempts.
d) Information regarding the medical personnel in the ambulance.The Court finds this
information is not discoverable as discussed in section b) supra.
e) Any medical information regarding the injuries referenced.As discussed in section c), the
people have sufficiently demonstrated that they have exercised due diligence in their efforts to
obtain this material.
f) Photographs of the alleged weapon.The People have sufficiently demonstrated that
photographs of the alleged weapon do not exist.
g) Chain of custody report for the alleged weapon.The People have sufficiently demonstrated
that a chain of custody report for the alleged weapon does not exist as the SCPD never took
possession of the alleged weapon.
h) Information regarding "Bob" observed being interviewed on BWC footage.The People
represent that the individual in question's name is Robert Baggett, that Mr. Baggett is known to
the Defendant and that his contact information is clearly depicted on the BWC footage. The
People argue that this information is duplicative and that the Defendant has not suffered any
prejudice. The Court finds that this information was in the possession of the People and therefore
subject to automatic discovery pursuant to CPL 245.20 (1) (c). The statute does not designate a
specific form in which this information is to be turned over to the Defendant, however the
common practice of the Suffolk County District Attorney's office is to list the names and contact
information for persons having information relevant to the offense charged or defense thereto in
their COC in the section they have designated for such. The People did not do that here.
In reviewing the totality of the circumstances and weighing the factors set forth in CPL
245.50, the Court finds the People have exercised due diligence. The information in question is
duplicative in nature, and the Defendant has not demonstrated that he has suffered any prejudice
as the information was in the Defendant's possession. The Court notes that this is a discovery
dispute that would have been easily resolved if an actual conferral had taken place.
The People are directed to turn over the contact information for Robert Baggett in writing
within 15 days of the date of this order if they have not done so already.
i) Handwritten notes of an officer (Officer Brian Murphy) as observed on the BWC
footage.The People argue that the handwritten notes in question have been turned over in
that they are clearly depicted and legible on the BWC footage turned over to the Defendant. The
People also concede that scanned copies of the notes should have been turned over. The notes of
the Officer are indisputably part of automatic discovery pursuant to CPL 245.20 (1) (e), however
in assessing the CPL 245.50 factors, the court finds that the People have exercised due diligence.
The material is insignificant and duplicative in nature and no prejudice has been suffered by the
Defendant. Again, this is a trivial dispute that would have been easily resolved after actual
conferral. As such the People are directed to turn over scanned copies of SCPD Officer Brian
[*4]Murphy's handwritten notes within 15 days of this order if
they have not done so already.
j) Miranda card.The People have sufficiently demonstrated that a Miranda card does
not exist.
ConclusionIn assessing the totality of the
circumstances and weighing the factors set forth in CPL 245.50, the Court finds the People have
demonstrated due diligence and made reasonable inquiries to obtain and share discoverable
material in their possession, custody and control. Defendant's motion to strike the COC and SOR
is DENIED, since no conferral took place prior to the filing of the instant motion. The
People are directed to turn over the contact information for Robert Baggett and copies of Officer
Brian Murphy's handwritten notes within 15 days of this order if they have not done so
already.

FURTHER MOTIONS
Any additional motions brought before this Court must comply with CPL 255.20 (2).
This constitutes the decision and Order of the Court.
Dated: March 23, 2026Hon. James F. Leonick, J.D.C.